IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN CURRY, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| PSI SECURITY SERVICE, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, John Curry ("Plaintiff" or "Mr. Curry"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA"), the Family's First Coronavirus Response Act of 2020 ("FFCRA"), and those sections

of the Family Medical Leave Act ("FMLA") and Fair Labor Standards Act ("FLSA") specifically incorporated by the FFCRA.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117, and 28 U.S.C. § 1367.

3.

Defendant PSI Security Service ("Defendant") does business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant is a corporation qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its Vice President, Jay Boudrie, at its principal place of business located at 2028 S. Cobb Drive SE, Marietta, GA 30060.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

9.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA.  Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

## ADMINISTRATIVE PROCEDURES

### 10.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on August 17, 2020.

### 11.

The EEOC issued a "Notice of Right to Sue" on December 2, 2020, entitling an action to be commenced within ninety (90) days of receipt of that notice.

### 12.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

### 13.

Mr. Curry began working for Defendant on or about February 28, 2020, as a Flex Officer.

### 14.

Mr. Curry was promoted to an Operations Manager in June 2020.

### 15.

On June 26, 2020, Mr. Curry notified Defendant that his wife was being tested for COVID after being exposed at her job.

4

16.

The following day, Mr. Curry began experiencing extreme COVID-related symptoms.

17.

Mr. Curry notified his supervisor, Jay Boudrie, of his rapidly deteriorating condition.

18.

Mr. Boudrie instructed Mr. Curry to stay away from all work sites until his wife's COVID test came back.

19.

On June 28, 2020, Mr. Boudrie asked Mr. Curry to get tested for COVID.

20.

Mr. Curry was tested for COVID on June 30, 2020.

21.

On July 6, 2020, Mr. Curry was notified that he had tested positive for COVID and instructed to quarantine.

22.

Mr. Curry alerted Mr. Boudrie of his positive COVID test the same day.

23.

Defendant did not provide Mr. Curry leave to recover from COVID, as provided under the FFCRA. Instead, while under quarantine, despite being ill, Defendant required that Mr. Curry continued to perform work related tasks for Defendant.

24.

On July 15, 2020, Mr. Curry received a phone call from another Operations Manager saying that he was on his way to pick up all of the company property that Mr. Curry had possession of.

25.

Mr. Curry was blindsided by the apparent termination of his employment.

26.

Mr. Curry thereafter attempted to contact Defendant on multiple occasions to find out why his employment had been terminated, but Defendant never responded.

27.

Mr. Curry requested a reasonable accommodation of his disabilities.

28.

Specifically, Mr. Curry requested time off to quarantine following his positive COVID test.

29.

Defendant failed to engage in the interactive process with Mr. Curry, even though doing so would not have been an undue hardship.

30.

Instead, Defendant denied him leave, in violation of the FFCRA, and terminated his employment while he was on medical leave and under quarantine in violation of the FFCRA

31.

Defendant terminated Plaintiff because he had a record of a disability and/or because it regarded him as disabled and/or because he engaged in protective activity and/or because he was entitled to the protections of the FFCRA.

32.

Employees outside of his protected class, i.e. employees who did not test positive for COVID-19, were treated differently, i.e. not terminated.

## **CLAIMS FOR RELIEF**

## **COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

33.

Plaintiff re-alleges paragraphs 13-32 as if set forth fully herein.

34.

Plaintiff had a physical impaiment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

35.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

36.

Defendant was aware of Plaintiff's disability.

37.

Defendant regarded Plaintiff as having a disability such that he is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

38.

Plaintiff has a record of having a disability and/or perceived disability such that he is a person with a disability within the meaning of the ADA, as amended.

39.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

40.

Defendant terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

41.

Defendant terminated Plaintiff's employment because of his accommodation requests.

42.

By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

43.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

44.

Defendant treated other employees outside Plaintiff's protected class differently.

45.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

46.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

47.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

48.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

49.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

50.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

51.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

52.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

53.

Plaintiff re-alleges paragraphs 13-32 as if set forth fully herein.

54.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

55.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

56.

Defendant was aware of Plaintiff's disability.

57.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

58.

Plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

59.

Plaintiff requested that Defendant accommodate his disability by allowing him to take medical leave to self-quarantine due to his positive COVID-19 test and related symptoms.

60.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding his request for a reasonable accommodation of his disability.

61.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

62.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

63.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

64.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of his disability.

65.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

66.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

67.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

68.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

69.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

70.

Plaintiff re-alleges paragraphs 13-32 as if set forth fully herein.

71.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

72.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

73.

Defendant was aware of Plaintiff's disability.

74.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

75.

Defendant terminated Plaintiff for requesting an accommodation for his disability and/or perceived disability.

76.

Plaintiff's request for an accommodation of his disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

77.

Defendant retaliated against Plaintiff by terminating his employment on the basis of his request for an accommodation.

78.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

79.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

80.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

81.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

82.

As a result of Defendant's retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

83.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

84.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

85.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT IV:  VIOLATIONS OF THE FFCRA

86.

Plaintiff re-alleges paragraphs 13-32 as if set forth fully herein.

87.

At all times material to this Complaint, Defendant was a covered employer under the FFCRA because Defendant has been a private employer and has had fewer than five hundred (500) employees.

88.

Plaintiff was an employee under the FFCRA eligible for paid sick leave and paid leave due to his COVID diagnosis.

89.

On June 27, 2020, Plaintiff notified Defendant that he was experiencing symptoms related to COVID-19.

90.

Because of this, under the FFCRA, Plaintiff qualified for two weeks of paid sick leave.

91.

Defendant and its representatives knew that Plaintiff was quarantining in accordance with the FFCRA, yet continued to expect him to complete work-related tasks.

92.

Despite knowing that Plaintiff was taking leave to self-quarantine due to COVID-19, it decided to discharge Plaintiff while he was on leave and before his return. Defendant therefore willfully violated the FFCRA and interfered with Plaintiff's rights under the FFCRA.

93.

Defendant terminated Plaintiff's employment on July 15, 2020, to avoid providing time off under the FFCRA.

94.

As a result of Defendant's willful violations of the FFCRA, Plaintiff is entitled to liquidated damages.

95.

By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

**WHEREFORE**, Plaintiff judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which he may be entitled.

Respectfully submitted the 12th day of February, 2021.

BARRETT & FARAHANY

 s/ *Adian R. Miller*
Adian R. Miller
Georgia Bar No. 794647

*Attorney for John Curry*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
adian@justiceatwork.com